# In re Haverford Township School District

*Albert J. Williams*, for school district.

BROOMALL, J., October 28, 1932.—On October 30, 1931, John C. Boyle was appointed by this court to audit the accounts of the Township of Haverford (a first-class township) for the fiscal year closing the first Monday of January 1932. This was made in pursuance of ordinance No. 433 of said township, passed July 27, 1931, under the authority conferred by section 520 of The First Class Township Law of June 24, 1931, P. L. 1206, 1227. By the provisions of this act, when an ordinance is passed such an auditor is appointed by the court in lieu of elected auditors. The office of elected auditor is abolished by the act. Said appointee, being a certified public accountant in accordance with the act, has performed his duties not only as to the audit of the township accounts but also those of the same township school district (a third-class school district).

On September 6, 1932, said appointee presented his bill for the audit of the school district accounts, upon which we allowed a rule upon the school board to show cause why it should not be approved. On the return thereof the school district filed objections which briefly stated are that (a) no mention was made in the order of appointment of the accounts of the school district, (b) under section 2620 of the School Code the accounts should be audited within 30 days and (c) under section 2623 of the School Code the auditors in third-class school districts shall be compensated at the rate of $5 per day each.

These objections may be considered together, as it appears that the bill presented is objected to only insofar as the authority to do the work is concerned, and if such authority exists then whether the compensation should be at the rate provided for in the act or at the rate fixed in the bill. The bill as presented must be disallowed if the authority to do the work does not exist, or if such authority does exist then the bill must be approved at the rate of compensation fixed by the act, unless it appears that the compensation is to be fixed by the court.

The work in question has heretofore been performed by the duly elected township auditors or by auditors appointed by the court: Historical notes to 53 PS § 16381 and 24 PS § 2203. However, by the Act of June 24, 1931, P. L. 1206, 1227, sec. 520, "any township may, instead of electing three auditors . . . provide, by ordinance, for the audit of its accounts by an auditor appointed by the court of common pleas of the county." Such an appointed auditor has all the powers and performs all the duties of elected auditors and his compensation is fixed by the court. The act then goes on to provide that the office of elected auditor is abolished. The necessary ordinance was passed in Haverford Township and thereby under the act in this township there are no elected auditors.

We are here confronted with the fact that there are no elected auditors and that the school funds must go through without auditing, which is required by the School Code, or (a) the office was only abolished as to the audit of the township accounts, or (b) the School Code does, by implication at least, provide that the appointed auditor act in auditing the school accounts. We think there is ample justification for the latter as the proper conclusion.

Under the School Code as originally passed in 1911, the accounts of the school districts of the third class were audited "by the school auditors appointed by the court": Act of May 18, 1911, P. L. 309, sec. 2603; by an amendment (Act of June 29, 1923, P. L. 949) this was changed to provide for the audit "by the proper city, borough, or township controller or auditors therein," and the same language was used again in the amendment of April 30, 1925, P. L. 382: Historical note to 24 PS § 2203. It is clear therefore that the audit must be made by the "proper auditors therein." This is also the language used in section 2620 of the School Code, 24 PS § 2251.

If the Township of Haverford had not passed the ordinance above mentioned, the accounts of the school district would have been audited by the elected auditors as "the proper auditors therein", but the enactment of the ordinance under the act in question abolished elected auditors and substituted an auditor appointed by the court, who is therefore the proper person to audit the accounts of the school district. Therefore the appointed auditor acted within the scope of his appointment in auditing the accounts of the school district.

We now come to the question of the rate of compensation to be allowed to an appointed auditor. While it is true, as to third-class school districts under section 2623 of the School Code, that "the compensation for auditors shall be five dollars per day", this surely referred only to elected auditors. See historical note to 24 PS § 2341. We must read into said section as the intention of the

678

legislature that an appointed auditor shall receive the compensation fixed by the court, as is provided in The First Class Township Law of June 24, 1931, P. L. 1206, 1227, sec. 520, 53 PS § 19092. This is not only later legislation, but it is also clear that the legislature never contemplated that three elected auditors at $5 per day could be replaced by an appointed auditor at $5 per day. This also answers the objection that the work should be performed in 30 days.

It therefore appearing that John C. Boyle, the appointed auditor, acted within the scope of his appointment in auditing the accounts of the school district, that his compensation therefor under the law is to be fixed by court, and no question having been raised by the school board on the rule as to the particular items named in the bill submitted, the bill is hereby fixed and approved as compensation under the act to be paid by the school district.

From William R. Toal, Media, Pa.